THE VANDEVELD LAW OFFICES, P.C.
Mr. Curtis C. Van de veld, Esq.
Counselor and Attorney at Law
Historical Building, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office: (671) 488-0888
Facsimile: (671) 472-2561

Attorney for Defendant:
ANTHONY PAUL MENDIOLA

**FILED**
DISTRICT COURT OF GUAM

NOV 20 2007

JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. CR07-00098 |
| Plaintiff, | **MOTION TO DISMISS INDICTMENT WITH PREJUDCIE with MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| ANTHONY PAUL MENDIOLA, | |
| Defendant. | |

### * * * MOTION TO DISMISS WITH PREJUDICE * * *

COMES NOW the Defendant ANTHONY PAUL MENDIOLA (hereinafter referred to as either "Defendant" or "Anthony"), by, through and with Defendant's court appointed counsel of record, **THE VANDEVELD LAW OFFICES, P.C.,** by Mr. Curtis C. Van de veld, Esq., to move the court to dismiss the indictment in this case with prejudice upon the grounds and bases more fully

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063    Page 1
MOTION TO DISMISS INDICTMENT WITH PREJUDICE . . .

**ORIGINAL**

Case 1:07-cr-00098    Document 13    Filed 11/20/2007    Page 1 of 10

set forth in the memorandum of points and authorities that follows herein after this motion.

### * * * MEMORANDUM OF POINTS AND AUTHORITIES * * *

### 1. STATEMENT OF RELEVANT FACTS

Defendant was charged by the government of Guam in Superior Court of Guam Criminal Case No. CF00327-06 through an Indictment alleging the offenses of *Robbery*, *Theft*, and *Possession of a Firearm Without an Identification Card*.

On November 19, 2006, (See Exhibit A, attached hereto) Defendant entered guilty pleas to the charges within the Indictment which pleas were accepted by the court after the government acknowledged that the acceptance of the pleas would likely create a 'double jeopardy' problem for the District Court prosecution of this case. The Defendant is scheduled to be sentenced on December 27, 2007. The pleas were accepted by the Superior Court of Guam, Honorable Michael J. Bordallo for the conduct underlying the charges in the instant case before this court. The Indictment in this case before the District Court Of Guam alleges as one of the charges a crime of robbery titled "Interference with commerce by threats or violence. [The laws of the United States do not know a "Hobbs Act Robbery" as charged. While there are

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063 **Page 2**
MOTION TO DISMISS INDICTMENT WITH PREJUDICE . . .

Case 1:07-cr-00098 Document 13 Filed 11/20/2007 Page 2 of 10

numerous robbery charges within the code, the robbery statute alleged in the instant Indictment was added by the Hobbs Act, but its title in the United States Code is "Interference with commerce by threats or violence." *See 18 U.S.C. §1951.*]

The second count ("USING AND CARRYING A FIREARM DURING A CRIME OF VIOLENCE") is not a crime rather it is a sentencing statute. The cited statute 18 U.S.C. §924, provides certain sentencing mandatory minimums that it requires upon conviction of a person of certain offenses which mandatory minimums includes: use of a gun by a perpetrator without awareness of the person being robbed to require a mandatory minimum of five (5) years imprisonment; if the gun is 'brandished' by the perpetrator a minimum sentence of seven (7) years imprisonment; and if a gun is discharged by a perpetrator, a minimum of ten (10) years imprisonment.

The charges in the instant Indictment arise from facts relating to a July 24, 2006 event occurring at the *All In Game Room* located within the Territory of Guam, which alleges that Anthony took personal property of that establishment from Soon D. Chargulaf (misspelled in Indictment, should be "Chargualaf") by means of brandishing a gun. These facts are the same circumstances that

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063 **Page 3**
MOTION TO DISMISS INDICTMENT WITH PREJUDICE . . .

Case 1:07-cr-00098 Document 13 Filed 11/20/2007 Page 3 of 10

underlie the events and charges in CF0327-06, to which Anthony has pled "guilty" and now is subject already to loss of liberty.

The United States Attorney for the District of Guam has a long history of ignoring the prohibition against "Double Jeopardy" by claiming that it acts on behalf of a completely separate sovereign from the Territorial government. This history can be seen from several such past prosecutions that have resulted in harsh comments from the Court of Appeals for the Ninth Circuit. *See Guam v. Okada*, 715 F.2d 1347 (9th Cir. 1983) and *United States v. Carriaga*, 117 F.3d 1426, 1997 WL367829 (9th Cir. 1997 Unpublished Opinion) which rely on *United States v. Wheeler*, infra, and have squarely rebuked the District of Guam Office of the United States Attorney for this persistence in claiming separateness between the federal government and the territorial government.

**ARGUMENT**

1. THE INDICMENT MUST BE DISMISSED WITH PREJUDICE BECAUSE THE U.S. CONSTITUTION, FIFTH AMENDMENT PROHIBITS A PERSON BEING TWICE PLACED IN JEOPARDY OF LOSS OF LIFE, LIBERTY OR THE PURSUIT OF HAPPINESS COMMONLY REFERRED TO AS "DOUBLE JEOPARDY."

Guam is an unincorporated territory of the United States of America, and its existence as a legal entity was formed by the United States through the

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063  **Page 4**
MOTION TO DISMISS INDICTMENT WITH PREJUDICE . . .

Case 1:07-cr-00098   Document 13   Filed 11/20/2007   Page 4 of 10

Organic Act of Guam and its continued existence as a political entity continues to occur at the discretion of the United States Congress. The People of Guam are not afforded the right to determine the form of their sovereign.

The case law concerning the ability of any government to twice subject a person to being prosecuted in both a territorial and federal court has long been resolved. The case law regarding this subject makes clear that such events and circumstances offend the Fifth Amendment of the United States Constitution prohibition against double jeopardy. In the case of *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (March 22, 1978) the Justices ruled on the precise issue of whether a territorial court could punish a person for criminal conduct and that same person be prosecuted by the federal government for a crime arising from the same conduct, stating,

> [2] The "dual sovereign" concept does not apply, however, in every instance where successive cases are brought by nominally different prosecuting entities. *Grafton v. United States*, 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084, held that a soldier who had been acquitted of murder by a federal court-martial could not be retried for the same offense by a territorial court in the Philippines. [Fn9. The prohibition against double jeopardy had been made applicable to the Philippines by Act of Congress. Act of July 1, 1902, § 5, 32 Stat. 692 In a previous case, the court had held if unnecessary to decide whether the Double Jeopardy Clause would have applied within the Philippines of its own force in the absence of this statute. *Kepner v. United States*, 195 U.S. 100, 124-25, 24 S.Ct. 797, 802, 49 L.Ed. 114.] And *Puerto Rico v. Shell Co.*, 302 U.S. 253, 264-266, 58 S.Ct. 167, 172-73, 82 L.Ed. 235, reiterated that successive prosecutions

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063  **Page 5**
MOTION TO DISMISS INDICTMENT WITH PREJUDICE . . .

Case 1:07-cr-00098   Document 13   Filed 11/20/2007   Page 5 of 10

by federal and territorial courts are impermissible because such courts are "creations emanating from the same sovereignty." Similarly, in *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, we held that a city and the State could not bring successive prosecutions for unlawful conduct growing out of the same episode, despite the fact that state law treated the two as separate sovereignties.

[3] ... By contrast, cities are not sovereign entities. "Rather, they have been traditionally regarded as subordinate governmental instrumentalities created by the State to assist in carrying out of state governmental functions." *Reynolds v. Sims*, 377 U.S. 533, 575, 84 S.Ct. 1362, 1388, 12 L.Ed.2d 506. [Fn15 omitted here]. A city is nothing more than "an agency of the State." *Williams v. Eggleston*, 170 U.S. 304, 310 18 S.Ct. 617, 623 42 L.Ed. 1047. Any power it has to define and punish crimes exists only because such power has been granted by the State; the power 'derive[s] . . . from the source of [its] creation. *Mount Pleasant v. Beckwith*, 100 U.S. 514, 524, 25 L.Ed. 699. As we said in *Waller v. Florida*, "the judicial power to try Petitioner . . . in municipal court springs from the same organic law that created the state court of general jurisdiction."

Similarly, a territorial government is entirely the creation of Congress, "and its judicial tribunals exert all their powers by authority of the United States." *Grafton v. United States, supra*, 206 U.S. at 354, 27 S.Ct. at 755; see *Cincinnati Soap Co. v. United States*, 301 U.S. 308, 317, 57 S.Ct. 764, 768, 81 L.Ed. 1122; *United States v. Kogama*, 118 U.S. 375, 380, 6 S.Ct. 1109, 1111, 30 L.Ed.228; *American Ins. Co. v. Canter*, 1 Pet. 511, 542, 7 L.Ed. 242 [Fn 16 omitted here]. When a territorial government enacts and enforces criminal laws to govern its political inhabitants, it is not acting as an independent political community like a State, but as "an agency of the federal government." *Domenech v. National City Bank*, 294 U.S. 199, 204-205, 55 S.Ct. 366, 369, 79 L.Ed. 857.

[4] Thus a federal Territory and the Nation, as in a city and a State, "[t]here is but one system of government, or laws operating within [its] limits." *Benner v. Porter*, 9 How. 235, 242 13 L.Ed. 119. City and State, or Territory and Nation, are not two separate sovereigns to whom the citizen owes separate allegiance in any meaningful sense, but one alone. [Fn 17 omitted here]. And the "dual sovereignty" concept of *Bartkus* and *Abbate* does not permit a single to impose multiple punishment for a

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063　　　　　　　　　　　　　**Page 6**
MOTION TO DISMISS INDICTMENT WITH PREJUDICE . . .

Case 1:07-cr-00098　　Document 13　　Filed 11/20/2007　　Page 6 of 10

single offense merely by the expedient of establishing multiple political subdivisions with the power to punish crimes.

The instant case and the cases of *Guam v. Okada*, 715 F.2d 1347 (9th Cir. 1983) and *United States v. Carriaga*, 117 F.3d 1426, 1997 WL367829 (9th Cir. 1997 Unpublished Opinion) and District Court Of Guam Criminal Case No. CR07-00063 United States of America v. Darrell S.V. Stewart[1] demonstrate a persistent disregard of the limits of the proper exercise of prosecutorial police power. In the recent case of the United States vs. Darrell S.V. Stewart, the Office of the United States Attorney for the District of Guam asserted that it may prosecute a citizen in the District Court of Guam even though the person has already been prosecuted in the courts of the federal Territory of Guam. In doing so, that Office has asserted that the government relied on the opinion of the U.S. Supreme Court in the matter of *U.S. v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849 (1993). However, that case did not overrule U.S. v. Wheeler, supra, and its predecessors as cited therein.

The instant case involves the same sovereign - the United States of America in one personality as the governance of the United States in the District Court of Guam and through a second personality as the federal Territorial governance of Guam in the Superior Court Of Guam. As the *Wheeler, supra,* case and its predecessors make clear, there is no difference in the sovereign and a person may not be prosecuted in both courts.

///

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063          Page 7
MOTION TO DISMISS INDICTMENT WITH PREJUDICE . . .

Case 1:07-cr-00098   Document 13   Filed 11/20/2007   Page 7 of 10

## CONCLUSION

The court should dismiss the instant matter with prejudice and rebuke the United States Attorney for this continuing refusal to respect the limits imposed by the United States Constitution by bringing this prosecution.

DATED: Tuesday, November 20, 2007.

THE VANDEVELD LAW OFFICES, P.C.

_____
Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
**ANTHONY PAUL MENDIOLA**

///

///

///

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063                                                              **Page 8**
MOTION TO DISMISS INDICTMENT WITH PREJUDICE . . .

Case 1:07-cr-00098    Document 13    Filed 11/20/2007    Page 8 of 10

# CERTIFICATE OF SERVICE

I, Curtis C. Van de veld, Esq., hereby certify that I caused a copy of the foregoing document here filed, to be served on counsel for Plaintiff UNITED STATES OF AMERICA on November 20th, 2007 via hand delivery at the following address:

**Ms. Rosetta San Nicolas, Esq.**
Assistant U.S. Attorney
U.S. Attorney's Office
District Of Guam
Criminal Division
6th Floor, Sirena Plaza
108 Hernan Cortes Avenue
Hagåtña, Guam 96910

DATED: Tuesday, November 20, 2007.

THE VANDEVELD LAW OFFICES, P.C.

_____
Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
**ANTHONY PAUL MENDIOLA**

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063      **Page 9**
MOTION TO DISMISS INDICTMENT WITH PREJUDICE . . .

Case 1:07-cr-00098    Document 13    Filed 11/20/2007    Page 9 of 10

Van De Veld

# IN THE SUPERIOR COURT
# OF GUAM

THE PEOPLE OF GUAM )
) Criminal Case No. CF279-06
)
v. )
) **ORDER**
)
ANTHONY PAUL MENDIOLA, )
)
    Defendant. )

This matter came before the HONORABLE MICHAEL J. BORDALLO on the 19th of November 2007 on Defendant's Change of Plea. The People were represented by Assistant Attorney General Suzanne Horrigan. Defendant Mendiola was represented by Attorney Curtis Van de Veld. The Court finds that Defendant has made his Plea of GUILTY to the charges filed in the Indictment freely, knowingly, intelligently, and voluntarily.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Court accepts Defendant's Plea of GUILTY to Robbery (as a Second Degree Felony), Theft (as a Third Degree Felony), and Possession of a Firearm Without an Identification Card (as a Felony). Sentencing in the matter is scheduled for December 27, 2007, at 9:30 a.m.

**19 NOV 2007**

SO ORDERED this ____ day of November 2007.

Original Signed By
HON. MICHAEL J. BORDALLO

_____
Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

NOV 19 2007

Joleen Cruz
Deputy Clerk, Superior Court of Guam

Defendant's Exhibit A