THE VANDEVELD LAW OFFICES, P.C.
*Mr. Curtis C. Van de veld, Esq.*
Counselor and Attorney at Law
Historical Building, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office: (671) 488-0888
Facsimile: (671) 472-2561

*Attorney for Defendant:*
ANTHONY PAUL MENDIOLA

FILED
DISTRICT COURT OF GUAM

NOV 28 2007

JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANTHONY PAUL MENDIOLA, ) <br> ) <br> Defendant. ) | Criminal Case No. CR07-00098 <br><br> **OPPOSITION TO UNITED STATES' MOTION TO DISMISS INDICTMENT with MEMORANDUM OF POINTS AND AUTHORITIES** |

**\* \* \* OPPOSITION TO MOTION TO DISMISS \* \* \***

COMES NOW the Defendant ANTHONY PAUL MENDIOLA (hereinafter referred to as either "Defendant" or "Anthony"), by, through and with Defendant's court appointed counsel of record, **THE VANDEVELD LAW OFFICES, P.C.**, by Mr. Curtis C. Van de veld, Esq., to oppose the motion of the United States to dismiss the indictment in this case brought under F.R.Cr.P Rule

---

48(a) upon the grounds and bases more fully set forth in the memorandum of points and authorities that follows hereinafter.

## * * * MEMORANDUM OF POINTS AND AUTHORITIES * * *

**1.  Motion filed by United States after motion cut-off.**

The United States apparently does not believe itself obligated to conform to the orders of the court. Defendant has filed a motion to dismiss which was timely filed a day before the date set by the court as the motion cut-off. The motion identifies that the defendant is entitled to a dismissal of this case based on double jeopardy grounds. Rather than respond to that motion and indicate the flaw of its legal argument, the United States, without leave of court to do so, simply ignores the court's order as to the motion cut-off and files their motion to dismiss offering a basis that "The United States defers to the local prosecution of the defendant in the Superior Court of Guam as the prosecution serves the goal of the efficient use of law enforcement resources." This explanation is disingenuous at best. The local prosecution was ongoing for nearly two years when the United States decided to file the instant case. The same ability to defer to the local authorities and singular use of resources in a single court existed October 17, 2007 when the instant case was filed. Defendant was awaiting a

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063                                                              **Page 2**
OPPOSITION TO MOTION TO DISMISS

Case 1:07-cr-00098   Document 15   Filed 11/28/2007   Page 2 of 6

Plea Agreement offer at that time in CF0327-06, which was delayed in being presented to Defendant because of this District Court Of Guam case.

The real reason the United States has tardily moved the court to dismiss is the fact that the Constitution prohibits the continuation of this prosecution. However, despite Defendant being entitled to the protection of a dismissal with prejudice, the United States hasn't the decency to move for such a dismissal. Instead, the government seeks to leave Defendant to worry whether (because of the ridiculous reason presented for the dismissal and the simple dismissal requested) Defendant may at some future time still be faced with another prosecution. The motion demonstrates that the United States continues to desire to ignore that the Fifth Amendment 'double jeopardy' clause prohibits any further prosecution of the Defendant and this problem is likely to recur if the untimely motion is granted. Further, should the Court grant this motion, the Court will be setting precedence that the timely application for relief by motion is not a standard to which this Court will hold all entities to stand as equals at the bar of justice of the Court, as the government is just more equal than others.

///

///

///

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063     **Page 3**
OPPOSITION TO MOTION TO DISMISS

Case 1:07-cr-00098   Document 15   Filed 11/28/2007   Page 3 of 6

## 2. F.R.Cr.P Rule 48 does not allow government unilateral right to dismiss case without the court being permitted to impose just conditions.

Federal Rules of Criminal Procedure Rule 48(a) instructs:

Dismissal. (a) By the Government. The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.

F.R.Cr.P Rule 48(a).

The requirement that the dismissal be with the leave of court is to allow the court to impose upon such dismissal such conditions as are just. In the instant case the just terms for such dismissal should require that the case be dismissed with prejudice, not simply dismissed, leaving open the question of whether or not the defendant may have to face this same accusation again if the United States changes its position of deferring to the local prosecution. The court has before it a timely motion that spells out the authority for the dismissal with prejudice. By having filed a tardy motion without leave of court, the court should only determine that the United States seeks to avoid the consequence of dismissal with prejudice, leaving open the future possibility that the government may again burden both the defendant and this court with a further prosecution of the defendant despite the impropriety that such prosecution may present. If the

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063 **Page 4**
OPPOSITION TO MOTION TO DISMISS

Case 1:07-cr-00098 Document 15 Filed 11/28/2007 Page 4 of 6

United States recognized its limitation under the double jeopardy clause, it could simply have conceded to the Defendant's timely filed motion. Instead, the United States seeks to skirt the court addressing the matter therein, and the only logical assumption being that it intends to reserve the discretion to reinitiate the matter later.

**CONCLUSION**

The court should dismiss the instant matter with prejudice and rebuke the United States for filing a motion after the motion cut-off without leave of court and further for its refusal to respect the limits imposed by the United States Constitution against double jeopardy clause.

DATED: Tuesday, November 27, 2007.

THE VANDEVELD LAW OFFICES, P.C.

Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
**ANTHONY PAUL MENDIOLA**

/ / /

/ / /

/ / /

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063 **Page 5**
OPPOSITION TO MOTION TO DISMISS

Case 1:07-cr-00098 Document 15 Filed 11/28/2007 Page 5 of 6

# CERTIFICATE OF SERVICE

I, Curtis C. Van de veld, Esq., hereby certify that I caused a copy of the foregoing document here filed, to be served on counsel for Plaintiff UNITED STATES OF AMERICA on November 28th, 2007 via hand delivery at the following address:

**Ms. Rosetta San Nicolas, Esq.**, Assistant U.S. Attorney
U.S. Attorney's Office - District Of Guam - Criminal Division
6th Floor, Sirena Plaza, 108 Hernan Cortes Avenue, Hagåtña, Guam 96910

DATED: Tuesday, November 27, 2007.

THE VANDEVELD LAW OFFICES, P.C.

_____
Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
ANTHONY PAUL MENDIOLA

---

UNITED STATES OF AMERICA v. ANTHONY PAUL MENDIOLA, Defendant
Criminal Case No. CR07-00063 **Page 6**
OPPOSITION TO MOTION TO DISMISS